NOT DESIGNATED FOR PUBLICATION

No. 119,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDIE MARIE BROWNLEE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed February 22, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Brandie Marie Brownlee appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Brownlee's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On March 2, 2016, Brownlee pled no contest to one count of distribution of cocaine. On July 28, 2016, the district court sentenced Brownlee to 56 months' imprisonment but granted her motion for a dispositional departure to probation for 36 months to be supervised by community corrections.

1

At a hearing on October 2, 2017, Brownlee admitted to violating the conditions of her probation on many grounds. The district court noted that Brownlee had previously received a three-day "quick dip" sanction imposed by her supervising officer. The district court ordered Brownlee to serve a 120-day sanction with the Kansas Department of Corrections (KDOC) and extended her probation for 12 months.

At a hearing on February 6, 2018, Brownlee admitted to violating the conditions of her probation by (1) failing to report, (2) failing to submit to a urinalysis, (3) failing to refrain from illegal drug use, (4) failing to pay her court costs, and (5) failing to follow the recommendations of her substance abuse evaluation. Brownlee offered many excuses for her violations and requested another KDOC sanction, but the district court revoked her probation and ordered her to serve her original prison sentence. Brownlee appealed.

On appeal, Brownlee claims the district court "erred in ordering her to serve her original sentence without first granting her a 90 day KDOC sanction." But Brownlee acknowledges that under the applicable statute, the district court can revoke an offender's probation if the offender has already received the appropriate intermediate sanctions.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

The record reflects that Brownlee received a 3-day "quick dip" sanction and a 120-day KDOC sanction before the district court revoked her probation. In *State v. Dooley*, 308 Kan. 641, Syl. ¶ 2, 423 P.3d 469 (2018), our Supreme Court stated:

> "The progression of graduated intermediate incarceration sanctions pursuant to K.S.A. [2018] Supp. 22-3716 is: (1) a confinement in jail of not more than 6 days per month in any 3 separate months during the probation term, not to exceed 18 days of total confinement and imposed in 2-day or 3-day consecutive periods; (2) a prison sanction of 120 days, which may be imposed once during the probation term; (3) a prison sanction of 180 days, which may be imposed once during the probation term; and (4) revocation of probation and the imposition of the original sentence or a lesser sentence."

K.S.A. 2018 Supp. 22-3716 authorizes the district to impose multiple 2-day or 3-day sanctions under subsection (c)(1)(B), followed by a 120-day sanction under subsection (c)(1)(C), followed by a 180-day sanction under subsection (c)(1)(D), before revoking an offender's probation. On appeal, Brownlee argues that the district court should not have revoked her probation without first granting her a "90 day KDOC sanction." K.S.A. 2018 Supp. 22-3716 does not specify a 90-day KDOC sanction, but subsection (c)(1)(D) authorizes a 180-day KDOC sanction, subject to a reduction of up to 90 days in the discretion of the Secretary. We presume that Brownlee is arguing that the district court should have imposed this sanction before revoking her probation.

But K.S.A. 2018 Supp. 22-3716(c)(1)(E) provides that the district court can revoke an offender's probation and order imprisonment if the offender has already received a 120-day KDOC sanction under subsection (c)(1)(C) *or* a 180-day KDOC sanction under subsection (c)(1)(D). The district court need not impose both of these graduated sanctions before revoking an offender's probation. So because Brownlee had previously received a 3-day "quick dip" sanction and a 120-day KDOC sanction resulting from prior probation violations, the district court could revoke her probation and order

3

her to serve her underlying prison sentence without imposing any additional intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(1)(E).

Moreover, K.S.A. 2018 Supp. 22-3716(c)(9)(B) provides that the district court may revoke an offender's probation without imposing any intermediate sanctions if the probation originally was granted as the result of a dispositional departure. Brownlee received a dispositional departure to probation at her original sentencing, so the district court could revoke her probation based on her violations without imposing any intermediate sanctions.

At the hearing on February 6, 2018, the district court listened to all the reasons Brownlee gave for violating the conditions of her probation. In denying Brownlee's request for another intermediate sanction, the district court stated: "You've already had more than one opportunity to stay out of prison. I've done the best I can to keep you out of prison. You won't take advantage of the offers and chances that I've given you . . . and my patience has ended." The district court's decision to revoke Brownlee's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Brownlee has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence.

Affirmed.